UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENISE JACKSON,
Plaintiff,

vs.

WAL-MART INC. et al.,
Defendants.

Case No. 1:18-cv-450
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Denise Jackson brings this employment discrimination action against defendants alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, as well as state law discrimination and contract claims. (Doc. 1). This matter is before the Court on defendants' partial motion to dismiss. (Doc. 12). Plaintiff did not file a response in opposition to defendants' motion.

Defendants move to dismiss Counts C (ADEA), D (Retaliation under Title VII), E (Retaliation under ADEA), and G (breach of contract claim) of plaintiff's complaint. (Doc. 12 at 1). Defendants argue that Counts C, D, and E are barred because plaintiff failed to exhaust her administrative remedies before filing suit. (Doc. 12-1 at 3). Defendants argue that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") alleging claims of race and sex discrimination, but did not allege retaliation or age discrimination. (*Id.* at 3-4) (citing Exh. B, Doc. 12-3). Alternatively, defendants argue that plaintiff's Counts D and E claims should be dismissed for failure to state a claim for retaliation under Title VII or the ADEA because plaintiff failed to plead facts that she "engaged in protected activity, that the decision-makers knew she engaged in protected activity, or that Wal-Mart took an adverse action against her because of her participation in a protected activity." (*Id.* at 4). Defendants also argue that plaintiff's Count G

claim for breach of contract fails as a matter of law because its disciplinary policy specifically stated that employment was at-will and the employee handbook therefore did not create an express or implied contract. (*Id.* at 5-6) (citing Exh. A, Doc. 12-2).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a motion to dismiss, the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant[s'] motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

The Court finds defendants' partial motion to dismiss to be well-taken. Counts C, D, and E should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a precondition to filing a Title VII or ADEA lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008). In the Sixth Circuit, a plaintiff must exhaust their administrative remedies

by alleging sufficient facts in an EEOC complaint to put the EEOC on notice of the claim, regardless of whether or not the plaintiff checked the appropriate box on the EEOC's charge of discrimination form. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). The exhibits attached to defendants' motion to dismiss demonstrate—and plaintiff does contend otherwise—that plaintiff failed to exhaust her administrative remedies on Counts C, D, and E under Title VII and the ADEA. (Exh. B, Doc. 12-3). In filing her charge of discrimination, plaintiff check-marked boxes indicating that she was discriminated against on the basis of her race/color and sex. (*Id.*). However, plaintiff did not check-mark the boxes for age or retaliation, nor did she allege facts in the body of her EEOC charge suggesting that she was discriminated against on the basis of her age or retaliated against in violation of Title VII or the ADEA. (*Id.*).

The Court likewise agrees that plaintiff's Count G breach of contract claim should be dismissed. Under Ohio law, "absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook." *Reynolds v. Extendicare Health Servs., Inc.*, No. 1:05-cv-00359, 2006 WL 2225836, at *9 (S.D. Ohio Aug. 1, 2006) (quoting *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 110 (1991)), *aff'd*, 257 F. App'x 914 (6th Cir. 2007). Exhibit A, the progressive discipline policy attached to defendants' motion to dismiss, explicitly states:

> This information does not create an express or implied contract of employment or any other contractual commitment . . . Employment with Walmart is on an at-will basis, which means that either Walmart or the associate is free to terminate the employment relationship at any time for any or no reason, consistent with applicable law.

(Exh. A, Doc. 12-2). In light of this language and plaintiff's failure to argue otherwise, the Court concludes that plaintiff's breach of contract claim should be dismissed as a matter of law because the employee handbook did not create an express or implied contract of employment.

Accordingly, it is **RECOMMENDED** that defendants' motion to dismiss Counts C, D, E, and G (Doc. 12) be **GRANTED**.

Date: 7/10/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DENISE JACKSON,<br>Plaintiff, | Case No. 1:18-cv-450<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| WAL-MART INC., et al.,<br>Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).